Nos. 23-1507, 23-1551

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

JASON SCHWEBKE,

*Plaintiff-Appellee,*

v.

UNITED WHOLESALE MORTGAGE LLC,
d/b/a UWM, a Michigan corporation,

*Defendant-Appellant.*

---

On Appeal from the United States District Court
for the Eastern District of Michigan
Docket No. 2:21-cv-10154
The Honorable Denise Page Hood

---

**APPELLANT UNITED WHOLESALE MORTGAGE, LLC'S BRIEF**

Andrea J. Bernard
Matthew T. Nelson
Charles R. Quigg
Warner Norcross + Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
(616) 752-2000
abernard@wnj.com
mnelson@wnj.com
cquigg@wnj.com

Paul D. Hudson
Miller, Canfield, Paddock and Stone,
P.L.C.
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
(616) 454-8656
hudson@millercanfield.com

Attorneys for Defendant-Appellant

Dated: September 12, 2023

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Sixth Circuit Rule 26.1, Defendant-Appellant United Wholesale Mortgage, LLC makes the following disclosure:

1.      Is said party a subsidiary or affiliate of a publicly owned corporation?

Answer: UWM Holdings Corporation, a publicly traded Delaware corporation, is the indirect parent of United Wholesale Mortgage, LLC.

2.      Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

Answer: No.

Dated: September 12, 2023          /s/ Charles R. Quigg
                                   Charles R. Quigg

                                   Attorney for Defendant-Appellant

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................ iv

STATEMENT REQUESTING ORAL ARGUMENT ........................................... vii

JURISDICTIONAL STATEMENT .......................................................1

STATEMENT OF ISSUES FOR REVIEW ..............................................2

INTRODUCTION ...................................................................3

STATEMENT OF THE CASE.........................................................4

    Schwebke's complaint and UWM's answer....................................4

    The parties engage in discovery, nearly all of which was initiated by
    Schwebke ................................................................6

    Before either party filed a dispositive motion, UWM moves to compel
    arbitration and to extend the dispositive motion deadline pending
    resolution of its motion to compel ........................................7

    The district court denies UWM's motions to compel arbitration and to
    extend the dispositive motion deadline ....................................8

SUMMARY OF THE ARGUMENT .....................................................9

STANDARD OF REVIEW ..........................................................11

ARGUMENT .....................................................................11

    I.    The district court correctly held that Schwebke's claims are
        arbitrable.............................................................11

    II.   After *Morgan v. Sundance, Inc.*, the question is whether
        Schwebke has sustained his heavy burden to prove that UWM
        acted completely inconsistently with its arbitration right ..................14

Page

III.    Schwebke did not prove that UWM acted completely
        inconsistently with its arbitration right ................................18

        A.    *Johnson Associates* does not compel the conclusion that
              UWM waived its arbitration right................................19

        B.    The hallmark of implied waivers is at least some request
              for affirmative relief—but UWM made no such request
              in this case.................................................................25

CONCLUSION AND REQUESTED RELIEF ......................................28

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Borror Property Management, LLC v. Oro Karric North, LLC,*
   979 F.3d 491 (6th Cir. 2020) ........................................................................ 11, 17

*Coinbase, Inc. v. Bielski,*
   143 S. Ct. 1915 (2023) ...................................................................................... 9

*Federation of Television & Radio Artists, AFL-CIO v. WJBK-TV*
   *(New World Communications of Detroit, Inc.),*
   164 F.3d 1004 (6th Cir. 1999) ........................................................................ 24

*General Star National Insurance Co. v. Administratia Asigurarilor de*
   *Stat,*
   289 F.3d 434 (6th Cir. 2002) ...................................................................... 23, 26

*Germany v. River Terminal Railway Co.,*
   477 F.2d 546 (6th Cir. 1973) ...................................................................... 23, 25

*Hill v. Ricoh Americas Corp.,*
   603 F.3d 766 (10th Cir. 2010) ........................................................................ 21

*Hurley v. Deutsche Bank Trust Co. Americas,*
   610 F.3d 334 (6th Cir. 2010) ................................................................ 18, 23, 26

*Javitch v. First Union Securities, Inc.,*
   315 F.3d 619 (6th Cir. 2003) .......................................................................... 11

*Johnson Associates Corp. v. HL Operating Corp.,*
   680 F.3d 713 (6th Cir. 2012) ...................................................................*passim*

*JPD, Inc. v. Chronimed Holdings, Inc.,*
   539 F.3d 388 (6th Cir. 2008) .......................................................................... 11

*Lamps Plus, Inc. v. Varela,*
   139 S. Ct. 1407 (2019) .................................................................................. 12

Page(s)

*Manasher v. NECC Telecom*,
310 F. App'x 804 (6th Cir. 2009) ...................................................................21

*Masco Corp. v. Zurich American Insurance Co.*,
382 F.3d 624 (6th Cir. 2004) ..........................................................................12

*Maxum Foundations, Inc. v. Salus Corp.*,
779 F.2d 974 (4th Cir. 1985) ..........................................................................25

*Morgan v. Sundance, Inc.*,
142 S. Ct. 1708 (2022) ..........................................................................*passim*

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
460 U.S. 1 (1983) ............................................................................................12

*Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*,
380 F.3d 200 (4th Cir. 2004) ....................................................................21, 23

*Paxton v. Bluegreen Vacations Unlimited*,
No. 16-CV-523, 2019 WL 7791889 (E.D. Tenn. Feb. 14, 2019).....................21

*Quality Products & Concepts Co. v. Nagel Precision, Inc.*,
666 N.W.2d 251 (Mich. 2003)........................................................................17

*Reidy v. Cyberonics, Inc.*,
No. 06-CV-249, 2007 WL 496679 (S.D. Ohio Feb. 8, 2007)..........................22

*In re Security Life Insurance Co. of America*,
228 F.3d 865 (8th Cir. 2000) ..........................................................................24

*Simon v. Pfizer Inc.*,
398 F.3d 765 (6th Cir. 2005) .............................................................................1

*Solo v. United Parcel Service Co.*,
947 F.3d 968 (6th Cir. 2020) ...............................................................22, 26, 27

*Superior Communications v. City of Riverview*,
881 F.3d 432 (6th Cir. 2018) ..........................................................................17

Page(s)

**Statutes**

9 U.S.C. § 1 .................................................................................7

9 U.S.C. § 16 ...............................................................................1

28 U.S.C. § 1331 .........................................................................1

28 U.S.C. § 1367 .........................................................................1

42 U.S.C. § 12111 .......................................................................1

Mich. Comp. Laws § 691.1697...................................................24

**Other Authorities**

Federal Rule of Civil Procedure 8 .............................................21

Federal Rule of Civil Procedure 12 ...........................................5

Federal Rule of Civil Procedure 15 ...........................................22

13 *Williston on Contracts* § 39:28 (4th ed.)..............................16

## STATEMENT REQUESTING ORAL ARGUMENT

This case concerns the litigation conduct necessary to infer that a party knowingly and intentionally waived its arbitration right. To the knowledge of Defendant-Appellant United Wholesale Mortgage, LLC ("UWM"), this is the first case in this Court addressing that question after the U.S. Supreme Court decided *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022), which eliminated consideration of prejudice to the opposing party when answering the question. UWM respectfully submits that oral argument would aid the Court given the novel context of this appeal.

## JURISDICTIONAL STATEMENT

The district court had subject-matter jurisdiction under 28 U.S.C. § 1331 and § 1367 because Plaintiff-Appellee Jason Schwebke brought claims under the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.*, and parallel Michigan state law.

This is an appeal from the district court's amended order denying UWM's motion to stay or dismiss the case and compel arbitration entered on June 8, 2023. UWM timely filed its amended notice of appeal from that order on June 14, 2023.[1] This Court has jurisdiction under 9 U.S.C. § 16(a)(1)(A)–(B). *See Simon v. Pfizer Inc.*, 398 F.3d 765, 771–72 (6th Cir. 2005) ("[B]ecause Pfizer appeals, in part on the District Court's refusal to enforce, through dismissal or stay, an agreement to arbitrate, this Court has independent jurisdiction over that question under the Federal Arbitration Act.").

---

[1] The district court entered its original order denying UWM's motion to compel arbitration on May 25, 2023. *See generally* R.45, Op. & Order, PageID.2282 *et seq.* UWM filed a timely notice of appeal from that order on June 2, 2023. R.47, Notice of Appeal, PageID.2299. Hours before this Court docketed UWM's appeal, the district court sua sponte issued its amended order to correct a "clerical error and to reschedule the hearing date." R.49, Am. Op. & Order 16, PageID.2316. UWM filed an amended notice of appeal from the amended order to avoid any question regarding this Court's jurisdiction over UWM's appeal. R.51, Am. Notice of Appeal 1–3, PageID.2339–41 (explaining the basis for the amended notice of appeal).

**STATEMENT OF ISSUES FOR REVIEW**

UWM and Plaintiff-Appellee Jason Schwebke are parties to an employment agreement with an arbitration clause that explicitly covers "any discrimination or other statutory claims." Notwithstanding his binding agreement to arbitrate his claims, Schwebke sued UWM in federal court. Thereafter, UWM filed an answer, engaged in limited affirmative discovery, and responded to broad discovery demands from Schwebke. Approximately six months after it filed its answer, UWM recognized that it mistakenly failed to assert its arbitration right under the parties' agreement and moved to compel arbitration in the district court. At the time, neither party had filed a dispositive motion with the district court, much less received a ruling on the merits.

The issue presented is whether UWM's litigation conduct is completely inconsistent with its reliance on the parties' arbitration agreement such that the only explanation is that UWM knowingly and intentionally waived its right.

## INTRODUCTION

UWM employed Jason Schwebke, who is deaf, as a software developer for just a few months between the fall of 2019 and the spring of 2020. The relationship didn't work out, and UWM ended Schwebke's employment. Although Schwebke's employment agreement contained a binding arbitration clause, Schwebke opted to sue UWM in federal court for alleged violations of the Americans with Disabilities Act and parallel Michigan law.

UWM answered Schwebke's complaint, propounded the same discovery it would have sought in arbitration, answered Schwebke's discovery requests, and promptly filed a motion to compel arbitration when it recognized that it mistakenly failed to assert its arbitration right under the parties' agreement. It never filed a counterclaim, nor did it ask the district court to resolve the merits of the parties' dispute through a motion to dismiss or a motion for summary judgment. Indeed, at the time of UWM's motion to compel arbitration, the district court had not made any merits decisions—because neither party had asked it to do so.

The district court held that UWM waived its arbitration right through its litigation conduct. The district court was wrong. Arbitration agreements are to be treated the same as other contracts, and the burden on a party claiming waiver of contract rights is high. Waivers must be knowing and intentional; so, to imply a waiver, the allegedly waiving party's conduct must be so completely inconsistent

with reliance on its right that the only explanation is that it knowingly and intentionally waived its right.

UWM's limited litigation conduct in this case does not clear that hurdle. The paradigmatic waiver case involves something going to the merits—the waiving party's affirmative request for relief from the court, or the waiving party's invocation of its arbitration right only after the court resolves the merits against it. Those signs are missing from this case.

A mistaken failure to raise arbitration at the earliest possible moment is not the same as a knowing and intentional waiver, and the district court conflated the two. This Court should reverse the district court's denial of UWM's motion to compel arbitration and remand with instructions to stay the case and compel arbitration.

## STATEMENT OF THE CASE

### Schwebke's complaint and UWM's answer

UWM is a wholesale mortgage lending company based in Michigan. R.5, Answer 2, PageID.24. Between September 2019 and May 2020, Schwebke worked for UWM as a software developer. *Id.* at 3, PageID.25. Schwebke also happens to be deaf. *Id.* At the time of his hiring, Schwebke executed an employment agreement, which included an arbitration clause. *See generally* R.17-1, Empl. Agr. ¶ 32, PageID.225–26. The arbitration clause explicitly states, "BY SIGNING THIS

AGREEMENT, EMPLOYEE ACKNOWLEDGES THAT HE OR SHE IS GIVING UP THE RIGHT TO A TRIAL IN A COURT OF LAW AS TO ANY DISCRIMINATION OR OTHER STATUTORY CLAIMS, AND IS HEREBY AGREEING TO SUBMIT ALL SUCH CLAIMS TO ARBITRATION." *Id.*, PageID.226 (capitalization in original).

After just a few months on the job, UWM determined that Schwebke's performance was inadequate and that he failed to follow his supervisor's directions. R.5, Answer 10, PageID.32. As a result, UWM ended his employment. *Id.* Schwebke later filed a charge of discrimination with the Equal Employment Opportunity Commission, which declined to file its own complaint and issued Schwebke a right-to-sue letter. *Id.*

Notwithstanding his binding agreement to arbitrate any discrimination or other statutory claims, Schwebke sued UWM in federal court in January 2021. *See generally* R.1, Compl., PageID.1–16. His complaint asserts claims under the Americans with Disabilities Act and its Michigan counterpart arising out of UWM's alleged failure to accommodate Schwebke's deafness and the termination of his employment. *Id.*

UWM did not file a pre-answer motion under Federal Rule of Civil Procedure 12(b). Rather, UWM simply answered the complaint. *See generally* R.5, Answer, PageID.23–42. UWM's answer did not invoke the arbitration clause in

Schwebke's employment agreement as an affirmative defense. *Id.* at 19–20,

PageID.41–42.

### The parties engage in discovery, nearly all of which was initiated by Schwebke

Thereafter, the case entered the discovery phase. Over the next several

months, Schwebke initiated discovery, which UWM answered. He noticed six

depositions[2] and served multiple sets of requests to produce documents on UWM,

and UWM complied with its responsive discovery obligations. *See* R.20,

Schwebke Resp. 5–6, PageID.386–87. Schwebke also sought extensions to the

discovery cutoff date in the district court's scheduling order, to which UWM

responded. *See id.* at 6, PageID.387.

UWM's affirmative discovery was far more limited. UWM served one set of

requests for production and one set of interrogatories on Schwebke, served third-

party subpoenas for Schwebke's educational and employment records, and took

Schwebke's deposition and the deposition of one of his former American Sign

Language interpreters. (As discussed in greater detail below, all of these discovery

devices would have been available in arbitration.)

---

[2] Three of those depositions took place *after* UWM filed its motion to compel
arbitration. R.20, Schwebke Resp. 6, PageID.387.

**Before either party filed a dispositive motion, UWM moves to compel arbitration and to extend the dispositive motion deadline pending resolution of its motion to compel**

In August 2021, while discovery was ongoing, UWM recognized that it mistakenly failed to assert its arbitration right under the parties' agreement and filed a motion seeking to either dismiss or stay the case and compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (as amended, the "FAA"). *See generally* R.17, Arb. Mot., PageID.186. In its motion, UWM contended that the case falls within the scope of the parties' arbitration agreement and that UWM had not waived its right to arbitration through its litigation conduct.

Roughly two months later, with the dispositive-motion deadline looming, UWM moved to extend the deadline to 30 days after the district court resolved UWM's motion to compel arbitration. *See generally* R.25, Mot. to Extend, PageID.665. UWM explained that an extension could save both parties time and expense while eliminating the risk of UWM unintentionally bolstering Schwebke's waiver argument by filing a dispositive motion. The court did not rule on UWM's motion before the dispositive-motion deadline. *See generally* R.45, Op. & Order, PageID.2282 (resolving motion in May 2023).

In the end, the dispositive motion deadline came and went, and only Schwebke filed a motion for partial summary judgment. *See generally* R.28,

Schwebke S.J. Mot., PageID.681. The case was functionally, if not formally, stayed in the district court from the fall of 2021 until May 2023.

### The district court denies UWM's motions to compel arbitration and to extend the dispositive motion deadline

In late May 2023, the district court denied UWM's motions to compel arbitration and to extend the dispositive motion deadline in the same order. *See generally* R.45, Op. & Order, PageID.2282. With respect to the motion to compel arbitration, the district court concluded that Schwebke's claims fall within the scope of the parties' arbitration clause given its explicit reference to "any discrimination or other statutory claims." *Id.* at 8–9, PageID.2289–90. Nonetheless, the district court concluded that UWM waived its arbitration right by not asserting it earlier and engaging in discovery. *Id.* at 15–16, PageID.2296–97.

The district court's opinion and order also summarily denied UWM's motion to extend the dispositive motion deadline in a single sentence. *Id.* at 16, PageID.2297. The district court asserted that the motion was moot, "[UWM] having filed its Motion for Summary Judgment." *Id.* But UWM never filed a motion for summary judgment.

Several days later, after UWM's initial notice of appeal, the district court sua sponte issued an amended opinion and order correcting its mistake. R.47, Notice of Appeal, PageID.2299; R.49, Am. Op. & Order 16, PageID.2316. The amended

8

opinion and order denied UWM's motion to extend the dispositive motion deadline without prejudice. *Id.* It is otherwise substantively unchanged. *Id.* at 16 n.i, PageID.2316.

This appeal followed.[3]

## SUMMARY OF THE ARGUMENT

The district court correctly determined that Schwebke's claims are arbitrable, but it erred when it held that UWM impliedly waived its arbitration right. UWM did not waive its arbitration right because it did not seek affirmative relief from the district court, engaged in the same discovery that it would have in arbitration, and filed a motion to compel arbitration approximately six months after filing its answer, when it recognized that it had mistakenly failed to assert its arbitration right under the parties' agreement. Those actions are not so completely inconsistent with UWM's reliance on its arbitration right that the only explanation is that UWM knowingly and intentionally waived the right.

---

[3] UWM also filed a motion to stay proceedings in the district court pending appeal. *See generally* R.50, Stay Mot., PageID.2317. Following the Supreme Court's decision in *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915 (2023), the district court ordered the case stayed pending this Court's resolution of this appeal. *See* R.55, Stay Order 1–2, PageID.2389–90.

After *Morgan v. v. Sundance*, 142 S. Ct. 1708 (2022), a party claiming waiver like Schwebke must make that showing. *Morgan* rejected arbitration-specific waiver rules and eliminated prejudice from the implied-waiver inquiry. Arbitration agreements, the Supreme Court explained, are to be treated just the same as other agreements. But general contract law imposes a high hurdle for implied waiver of a contract right: a waiver must be knowing and intentional, and to imply a waiver, the waiving party's conduct must be inconsistent with anything other than an intention to waive the right. Because the FAA bars using special rules for arbitration agreements, the waiver standard cannot be lower for arbitration.

To conclude that UWM waived its arbitration right, the district court relied on this Court's decision in *Johnson Associates Corp. v. HL Operating Corp.*, 680 F.3d 713 (6th Cir. 2012). *Johnson Associates*, however, represents a low watermark in the annals of this Court's case law holding that a party impliedly waived its arbitration right. This case falls below the bar set in *Johnson Associates*, most notably because the defendant in *Johnson Associates* filed a counterclaim and thereby affirmatively asked the court to resolve a merits issue. UWM never sought affirmative relief of any kind from the district court.

The hallmark of implied waivers is a request for affirmative merits relief from the Court or an equivalent signal that the waiving party did not object to proceeding in federal court until an adverse merits decision. Those indicia are

missing from this case. A mistaken failure to raise arbitration at the earliest possible moment is not the same as a knowing and intentional waiver, and the district court erred by conflating the two.

## STANDARD OF REVIEW

This Court reviews de novo a district court's denial of a motion seeking to compel arbitration, including the determination that a party waived its right to arbitration. *Borror Prop. Mgmt., LLC v. Oro Karric N., LLC*, 979 F.3d 491, 494 (6th Cir. 2020) (reversing district court's determination that movant waived its right).

## ARGUMENT

### I.    The district court correctly held that Schwebke's claims are arbitrable.

To start, insofar as this Court is compelled to revisit the issue, *compare Borror*, 979 F.3d at 494, *with JPD, Inc. v. Chronimed Holdings, Inc.*, 539 F.3d 388, 390–91 (6th Cir. 2008), the district court correctly held that Schwebke's claims are arbitrable, R.49, Am. Op. & Order 7–9, PageID.2307–09. "Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Secs., Inc.*, 315 F.3d 619, 624 (6th Cir.

2003) (citing *AT&T Techs. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, (1983); *accord Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1418 (2019) ("[W]e have repeatedly held that ambiguities about the scope of an arbitration agreement must be resolved in favor of arbitration." (collecting cases)); *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) ("[A]ny doubts are to be resolved in favor of arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." (quoting *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 576–77 (6th Cir. 2003))).

Here, the district court correctly held that the parties' dispute is arbitrable. The validity of the parties' employment agreement, which contains the arbitration clause, is undisputed. *See* R.20, Schwebke Resp. 23–25, PageID.404–06 (contending only that two of Schwebke's four claims are outside the scope of the agreement). It is also indisputable that the arbitration clause encompasses Schwebke's claims. It provides as follows, in relevant part:

> **<u>Arbitration.</u>** If a material dispute arises under this Agreement, other than a breach by [Schwebke] of [certain provisions of the Agreement], the parties shall submit such dispute to binding arbitration . . . . BY SIGNING THIS

AGREEMENT, EMPLOYEE ACKNOWLEDGES THAT HE OR SHE IS GIVING UP THE RIGHT TO A TRIAL IN A COURT OF LAW AS TO ANY DISCRIMINATION OR OTHER STATUTORY CLAIMS, AND IS HEREBY AGREEING TO SUBMIT ALL SUCH CLAIMS TO BINDING ARBITRATION. [R.17-1, Schwebke Empl. Agr. § 32, PageID.225–26.]

The district court correctly determined that the clause's reference to "any discrimination or other statutory claims" encompasses Schwebke's claims in this case. R.49, Am. Op. & Order 8–9, PageID.2308–09.

To be sure, the arbitration clause also references the arbitrator's authority being "limited to determining whether the Company's action in terminating the Employee and/or the Agreement was unlawful under applicable federal, state and local statutory or common law." R.17-1, Schwebke Empl. Agr. § 32, PageID.226. Below, Schwebke contended that this removed two of his claims—failure to accommodate under the Americans with Disabilities Act and under parallel Michigan law—from the scope of arbitrable disputes. R.20, Schwebke Resp. 24, PageID.405. But as the district court correctly concluded, this language encompasses "whether one party or the other failed to abide by the terms of the Agreement or whether the Agreement was unlawfully altered or withdrawn altogether."  R.49, Am. Op. & Order 9, PageID.2309.  And even if the language introduced an ambiguity, all ambiguities are to be resolved in favor of arbitrability. *Id.*  Thus, all of Schwebke's claims are arbitrable. *Id.*

13

## II. After *Morgan v. Sundance, Inc.*, the question is whether Schwebke has sustained his heavy burden to prove that UWM acted completely inconsistently with its arbitration right.

Until *Morgan v. Sundance*, 142 S. Ct. 1708 (2022), this Court, like most circuits, reviewed whether a party waived its arbitration right by asking whether the moving party (a) took "actions that were completely inconsistent with any reliance on an arbitration agreement" and (b) "delay[ed] its assertion to such an extent that the opposing party incur[red] actual prejudice." *Johnson Assocs. Corp.*, 680 F.3d at 717 (quoting *Hurley v. Deutsche Bank Tr. Co. Ams.*, 610 F.3d 334, 338 (6th Cir. 2010)). The Court recognized that "waiver of the right to arbitration is not to be lightly inferred." *Id.* (citing *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 450 (6th Cir. 2005)).[4]

The Supreme Court's decision in *Morgan* eliminated the prejudice prong. Explaining that the FAA's policy is "to make 'arbitration agreements as enforceable as other contracts, but not more so,'" the Supreme Court rejected the notion that the FAA "authorizes federal courts to invent special, arbitration-preferring procedural rules." 142 S. Ct. at 1713 (quoting *Prima Paint Corp. v.*

---

[4] Virtually all of this Court's arbitration-waiver decisions were abrogated in part by *Morgan* because *Morgan* eliminated the prejudice element from the waiver test. For ease of reading, UWM does not separately identify that each decision was partially abrogated in the citations in this brief.

*Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 (1967))*.* Because outside the arbitration context, waiver is "the intentional relinquishment or abandonment of a known right"—an analysis that does *not* depend on prejudice to the opposing party—the Court held that it is improper to impose an arbitration-specific prejudice requirement to establish waiver. *Id.* at 1713–14. Arbitration contracts should be treated "like all others," not any better or worse. *Id.* at 1714.

That is as far as the Supreme Court went. It left for the Eighth Circuit to decide on remand[5] whether to continue with its old test minus the prejudice requirement—i.e., to ask whether the movant "knowingly relinquished the right to arbitrate by acting inconsistently with that right?"—or apply "a different procedural framework." *Id.* That same question is theoretically open for this Court.

But as Schwebke conceded in the district court, R.37, Schwebke Supp. Br. 2–3, PageID.2224–25; R.44, Schwebke Supp. Resp. 2, PageID.2273, there is no good reason to conclude that *Morgan* altered this Court's waiver rule other than by eliminating its prejudice requirement. To the contrary, *Morgan*'s logic only underscores the heavy burden a party seeking to establish waiver faces and the necessity of showing that the conduct of the party seeking arbitration is

---

[5] The parties settled on remand. Joint Status Report, *Morgan v. Sundance, Inc.*, No. 19-2435 (8th Cir. Jan. 10, 2023).

"completely inconsistent with any reliance on an arbitration agreement." *Johnson Assocs.*, 680 F.3d at 717.

*Morgan* emphasized that "a court must hold a party to its arbitration contract just as the court would to any other kind." 142 S. Ct. at 1713. And *outside* the context of arbitration, the standard for implying a waiver of a contractual right is onerous. Indeed, as a leading contracts treatise explains, "[a]n intent to waive will not be inferred from doubtful or equivocal acts or language." 13 *Williston on Contracts* § 39:28 (4th ed.) (collecting cases). Quite the opposite, "in the absence of an express declaration manifesting the intent not to claim the right allegedly waived, there must be a *clear, unequivocal, and decisive* act of the party who is claimed to have waived its rights, so consistent with an intention to waive that *no other reasonable explanation is possible*." *Id.* (emphasis added) (collecting cases). In other words, "an implied in fact waiver of a contractual right may arise *only if* the actions or conduct of the person against whom the waiver is asserted are *inconsistent with anything other than an intention to waive the right*." *Id.* (emphasis added) (collecting cases). So, outside the arbitration context, an implied waiver requires unequivocal evidence of conduct that is completely inconsistent with the party's intention to assert its contractual right.

Michigan law,[6] which governs Schwebke's employment agreement, R.17-1,
Schwebke Empl. Agr. § 30, PageID.225, is in accord. Under Michigan law, as
under federal law, "a waiver is a voluntary and intentional abandonment of a
known right." *Quality Prods. & Concepts Co. v. Nagel Precision, Inc.*, 666 N.W.2d
251, 258 (Mich. 2003) (collecting cases). While a party may establish waiver based
on the other party's conduct, that party faces a heavy burden when attempting to do
so: only a course of conduct that "establishes by *clear and convincing evidence*
that a contracting party, relying on the terms of the prior contract, knowingly
waived enforcement of those terms" constitutes a waiver. *Id.* (emphasis added); *see
also Superior Commc'ns v. City of Riverview*, 881 F.3d 432, 440 (6th Cir. 2018)
("To establish waiver under Michigan law, a party must show by clear and
convincing evidence the mutual intention of the parties to waive or modify the
original contract.").

Because the FAA imposes "a bar on using custom-made rules, to tilt the
playing field in favor of (*or against*) arbitration," *Morgan*, 142 S. Ct. at 1714

---

[6] *Morgan* explicitly declined to resolve whether state or federal law governs the
waiver inquiry, 142 S. Ct. at 1712. UWM acknowledges that this Court, like most
circuits, has previously treated the question as one of federal procedural law. *See,
e.g.*, *Borror*, 979 F.3d at 494 (discussing the waiver rule as following from the
"federal prerogative" in favor of arbitration). This appeal does not require this
Court to resolve that question. Suffice it to say that state contract law only
underscores the correctness of this Court's federal rule, as modified by *Morgan*.

(emphasis added), there is no reason to conclude that the standard is any lower for waiver of arbitration provisions. This Court should continue to require the party opposing arbitration to show that the moving party took "actions that were completely inconsistent with any reliance on an arbitration agreement" and refuse to lightly infer a waiver. *Hurley*, 610 F.3d at 338 (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 356 (6th Cir. 2003)).

## III.  Schwebke did not prove that UWM acted completely inconsistently with its arbitration right.

Despite his binding agreement to submit all discrimination and other statutory claims to arbitration, Schwebke decided to sue UWM in federal court. Below, UWM moved to compel arbitration about six months after it filed its answer, which was when it recognized it mistakenly failed to assert its arbitration right. In the meantime, UWM did not move to dismiss under Rule 12, seek summary judgment, or otherwise ask the district court to resolve the merits of some or all of Schwebke's claims or UWM's defenses. Although it engaged in limited affirmative discovery and responded to Schwebke's discovery requests, it did not seek the court's intervention to resolve discovery disputes. Nor did it assert any counterclaims against Schwebke. In short, UWM engaged in the minimum of litigation while the case was active in district court. UWM's actions, whether considered individually or in the aggregate, do not establish that UWM impliedly

waived its arbitration right because they are not *completely* inconsistent with the exercise of that right.

To reach the opposite result, the district court relied almost exclusively on this Court's decision in *Johnson Associates Corp. v. HL Operating Corp.*, 680 F.3d 713 (6th Cir. 2012). But UWM's litigation conduct fundamentally differs from the defendant's conduct in *Johnson Associates*. The telltale for waiver is a sign that the moving party sought to play "heads I win, tails you lose"—testing the waters in federal court while holding arbitration in reserve. That sign is absent from this case.

### A.    *Johnson Associates* does not compel the conclusion that UWM waived its arbitration right.

The district court held that Schwebke satisfied his "heavy burden" to show that UWM waived its arbitration right because UWM acted inconsistently with its arbitration right. R.49, Am. Op. & Order 12, PageID.2312. The district court was wrong. The district court hung its hat on *Johnson Associates*, in which this Court concluded that a defendant waived its right to arbitration. *Id. Johnson Associates*, however, is readily distinguishable from this case on several counts:

| *Johnson Associates* | | This Case |
|---|---|---|
| 1 | Defendant did not raise arbitration as an affirmative defense. | Same. |

| | *Johnson Associates* | **This Case** |
|---|---|---|
| 2 | Defendant filed its motion to compel arbitration eight months after the case began. | UWM filed its motion to compel arbitration approximately seven months after the case began and six months after it filed its answer. |
| 3 | Defendant filed a counterclaim. | UWM did *not* file a counterclaim. |
| 4 | Defendant participated in judicially supervised settlement discussions. | UWM did not participate in judicially supervised settlement discussions. |
| 5 | Defendant filed a motion to continue trial and modify the case-management order. | UWM filed only the motion to compel arbitration and a related motion to extend the dispositive motion deadline. |
| 6 | Defendant engaged in extensive affirmative discovery, including interrogatories, requests for production, requests to admit, and eight depositions. Defendant also responded to discovery. | UWM engaged in more limited affirmative discovery, including one set of interrogatories, one set of requests for production, subpoenas for education and employment records, and two depositions. UWM also responded to Schwebke's discovery requests. |

In other words, aside from the fact that the *Johnson Associates* defendant and UWM both failed to raise arbitration in their answers, this case stands in sharp contrast to *Johnson Associates*. Most notably, the *Johnson Associates* defendant sought affirmative relief from the court in the form of a counterclaim; here, UWM sought no affirmative relief in any form.

The minimal conduct in which UWM engaged is not completely inconsistent with any reliance on the parties' arbitration agreement:

1.    *Failing to Plead as an Affirmative Defense*. UWM respectfully submits that its failure to plead arbitration as an affirmative defense should be given little weight. For one thing, the right to have a claim arbitrated rather than adjudicated in court is not an affirmative defense; the arbitration-related affirmative defense is that the case "has already been resolved by an award in arbitration." *Hill v. Ricoh Ams. Corp.*, 603 F.3d 766, 771 (10th Cir. 2010); *see also Johnson Assocs.*, 680 F.3d at 718 (recognizing the right to have a claim arbitrated may not be an affirmative defense). *But see Manasher v. NECC Telecom*, 310 F. App'x 804, 806 n.3 (6th Cir. 2009) ("Federal Rule of Civil Procedure 8(c) requires a defendant to plead arbitration as an affirmative defense in its answer or it will generally be deemed waived.").

What's more, the failure to plead arbitration rights as an affirmative defense should be given little weight because it is a factor that appears in most cases involving an alleged implied waiver. Parties routinely neglect to assert their arbitration rights in their answers, resulting in findings of both waiver and nonwaiver depending on the other facts of the case. *See, e.g.*, *Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d 200, 206 (4th Cir. 2004) ("[A] party's filing of minimal responsive pleadings, such as an answer or compulsory counter-claim, are not necessarily inconsistent with an intent to pursue arbitration."); *Paxton v. Bluegreen Vacations Unlimited*, No. 16-CV-523, 2019 WL

21

7791889, at *8 (E.D. Tenn. Feb. 14, 2019) ("[T]he seven-month delay . . . combined with Defendants' failure to raise an arbitration defense in its responsive pleadings and a single motion response is not 'completely inconsistent' with their arbitration rights."); *Reidy v. Cyberonics, Inc.*, No. 06-CV-249, 2007 WL 496679, at *7 (S.D. Ohio Feb. 8, 2007) (failure to plead arbitration in answer, coupled with eight-month delay, removal to federal court, and participation in discovery, did "not rise to the level of substantial participation in the litigation"). So, while pleading arbitration as an affirmative defense clearly telegraphs a party's intent to rely on its right, failing to plead it is not a good indicator that the party knowingly and intentionally waived the right.

And notably, the district court's scheduling order here did not set a deadline for motions to amend the pleadings. R.13, Sched. Order 1, PageID.64. In other words, UWM could have filed a motion to amend its answer in the district court to include a reference to its arbitration right, leave for which should have been freely given. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

2.    *Timing*. UWM moved to compel arbitration approximately seven months after the case was filed and six months after it filed its answer. That delay is even shorter than the delay in *Johnson Associates*, which itself is a low water mark in terms of case law inferring a waiver based in part on delay. *See, e.g., Solo*

*v. United Parcel Serv. Co.*, 947 F.3d 968, 975 (6th Cir. 2020) (two years); *Hurley*, 610 F.3d at 338 (more than two years); *Gen. Star Nat. Ins. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 438 (6th Cir. 2002) (17 months).

      3.    *Responsive Discovery*. Although UWM responded to Schwebke's discovery requests, UWM's compliance with discovery should be given no weight since UWM did not initiate this lawsuit or Schwebke's discovery. "[W]aiver may not be inferred from the fact that a party does not rely exclusively on the arbitration provisions of a contract, but attempts to meet all issues raised in litigation between it and another party to the agreement." *Germany v. River Terminal Ry. Co.*, 477 F.2d 546, 547 (6th Cir. 1973) (per curiam) (citing *Gen. Guar. Ins. Co. v. New Orleans Gen. Agency, Inc.*, 427 F.2d 924, 929 (5th Cir. 1970)); *accord Hurley*, 610 F.3d at 339 (in finding waiver, emphasizing that defendants did more than "respond[] to actions taken by Plaintiffs"); *Patten Grading & Paving*, 380 F.3d at 206 ("We are unwilling to include activity that the moving party did not initiate in assessing that party's default."). What's more, a significant portion of Schwebke's discovery efforts took place *after* UWM filed its motion to compel arbitration, and so should not count against UWM in any event. *See* R.20, Schwebke Resp. 6, PageID.387 (timeline showing that Schwebke took three depositions after UWM filed its motion).

23

4.    *Affirmative Discovery*. UWM engaged in limited affirmative discovery, including one set of requests for production, one set of interrogatories, third-party subpoenas for Schwebke's employment and educational records, and two depositions. R.49, Am. Op. & Order 14, PageID.2314. None of those actions, however, is completely inconsistent with UWM's reliance on the parties' arbitration agreement. As Schwebke tacitly acknowledged in the district court, there is no doubt that arbitration also involves discovery between the parties. *See* R.20, Schwebke Resp. 21–22, PageID.402–03. The same is true for third-party subpoenas, which UWM could have obtained under Michigan's arbitration law. Mich. Comp. Laws § 691.1697(2)–(4); *cf. Fed'n of Television & Radio Artists, AFL-CIO v. WJBK-TV (New World Commc'ns of Detroit, Inc.)*, 164 F.3d 1004, 1009 (6th Cir. 1999) ("[T]he FAA's provision authorizing an arbitrator to compel the production of documents from third parties for purposes of an arbitration hearing has been held to implicitly include the authority to compel the production of documents for inspection by a party prior to the hearing."); *accord In re Sec. Life Ins. Co. of Am.*, 228 F.3d 865, 870–71 (8th Cir. 2000) ("[I]mplicit in an arbitration panel's power to subpoena relevant documents for production at a hearing is the power to order the production of relevant documents for review by a party prior to the hearing.").

24

It also bears mentioning that some of UWM's affirmative discovery took place *after* it filed its motion to compel arbitration, by which it clearly indicated its reliance on the arbitration clause. *See* R.20, Schwebke Resp. 6, PageID.387. "[T]he party seeking arbitration does not lose its contractual right by prudently pursuing discovery in the face of a court-ordered deadline," *Maxum Foundations, Inc. v. Salus Corp.*, 779 F.2d 974, 983 (4th Cir. 1985); *accord Germany*, 477 F.2d at 547, so that post-motion-to-compel discovery should have no bearing on this Court's analysis.

In short, UWM's conduct in this case falls short of the bar set in *Johnson Associates*. Its affirmative conduct is far more limited than that of the defendant in that case. More importantly, UWM's conduct is not so *completely* inconsistent with reliance on arbitration that the only reasonable conclusion is that UWM intentionally chose to resolve Schwebke's claims in court.

## B.     The hallmark of implied waivers is at least some request for affirmative relief—but UWM made no such request in this case.

A review of cases in which this Court has inferred that a party waived its arbitration right confirms that this case falls below the floor set in *Johnson Associates*. Indeed, the hallmark of implied waivers is some attempt to seek affirmative relief on the merits from the court or an equivalent sign that the party seeking arbitration simply wants "to see how the case [is] going in federal district

court while holding arbitration in reserve for a second chance in another forum."
*Solo*, 947 F.3d at 975 (alteration in original) (citations and internal quotation marks
omitted). Here, by contrast, UWM never sought affirmative relief from the district
court and the district court never resolved anything on the merits.

For example, in *General Star National Insurance Co. v. Administratia
Asigurarilor de Stat*, 289 F.3d 434 (6th Cir. 2002), the defendant seeking
arbitration had had actual notice of the lawsuit for 17 months and asserted its
arbitration right only after the district court entered a default judgment against it.
289 F.3d at 438. In finding that the defendant waived its right, this Court noted that
it "sought arbitration only *after* the district court had entered a default judgment
against it." *Id.*

*Hurley v. Deutsche Bank Trust Co. Americas*, 610 F.3d 334 (6th Cir. 2010),
raised similar "heads I win, tails you lose" concerns. There, the defendants delayed
by more than two years before asserting their arbitration rights, and in the
meantime "filed *multiple* dispositive and non-dispositive motions of their own,
including motions to dismiss, motions for summary judgment, and a motion to
change venue." 610 F.3d at 339 (emphasis added). In holding that the defendants
waived their rights, this Court emphasized that the defendants "did not attempt to
enforce their arbitration rights until *after* the district court entered an unfavorable
decision." *Id.*

The same concerns drove this Court's conclusion in *Solo v. United Parcel Service Co.*, 947 F.3d 968. There, UPS "spent two years vigorously litigating the merits of the claims in the district court and on appeal." 947 F.3d at 975. Only after this Court reversed a favorable district court ruling granting UPS's motion to dismiss "did UPS change course, filing an answer invoking arbitration and seeking to rely on the arbitration agreement to limit discovery to arbitration-related issues." *Id.* This Court concluded that "[b]y waiting to 'attempt to enforce [its] arbitration rights until *after* the [appellate] court entered an unfavorable decision' on its merits arguments, UPS's actions were inconsistent with reliance on an arbitration agreement." *Id.* (quoting *Hurley*, 610 F.3d at 336). A party cannot "simultaneously ask[] the district court to resolve the merits of all claims in its favor and reserve[] the right to submit those same claims to an arbitrator." *Id.* at 976.

This case is a horse of a different color. At no time did UWM affirmatively seek merits relief from the district court, whether by counterclaim, motion to dismiss, or motion for summary judgment. Indeed, at the time UWM filed its motion to compel arbitration, UWM had not sought any affirmative relief, merits or otherwise, and *neither* party had filed a dispositive motion, much less received a ruling on the merits.

UWM respectfully submits that its litigation conduct does not unequivocally show that UWM knowingly and intentionally waived its arbitration right. A

27

mistaken failure to raise arbitration at the earliest possible moment is not the same as an intentional waiver. This Court should not conflate the two.

## CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, the Court should reverse the district court's denial of UWM's motion to compel arbitration and remand with instructions to stay the case and compel arbitration.

Dated: September 12, 2023

*/s/ Charles R. Quigg*
Charles R. Quigg

Paul D. Hudson
Miller, Canfield, Paddock and Stone, P.L.C.
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
(616) 454-8656
hudson@millercanfield.com

Andrea J. Bernard
Matthew T. Nelson
Charles R. Quigg
Warner Norcross + Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
(616) 752-2000
abernard@wnj.com
mnelson@wnj.com
cquigg@wnj.com

Attorneys for Defendant-Appellant

29076282

28

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the type-volume limitation pursuant to Fed. R. App. P. 32(a)(7)(B). The foregoing brief contains 6,192 words of Times New Roman 14-point proportional type. The word processing software used to prepare this brief was Microsoft Word 2016.

Dated: September 12, 2023          */s/ Charles R. Quigg*
                                            Charles R. Quigg

                                            Attorney for Defendant-Appellant

## CERTIFICATE OF SERVICE

This certifies that Appellant's Brief was served September 12, 2023, by electronic mail using the Sixth Circuit's Electronic Case Filing system on all parties of record.

*/s/ Charles R. Quigg*
Charles R. Quigg

Attorney for Defendant-Appellant

# DESIGNATION OF RECORD

| Doc. Entry No. | Date Entered | Page ID Range | Description of Doc. |
|---|---|---|---|
| R.1 | 01/22/21 | 1-16 | Complaint |
| R.5 | 02/16/21 | 23-42 | Answer to Complaint with Affirmative Defenses |
| R.17 | 08/30/21 | 186 | Defendant's Motion to Dismiss, or in the Alternative, to Stay Proceedings and Compel Arbitration |
| R.17-1 | 08/30/21 | 225-226 | Exhibit 1 - Employment Agreement |
| R.20 | 09/20/21 | 386-406 | Schwebke Response to Motion to Dismiss, or in the Alternative, to Stay Proceedings and Compel Arbitration |
| R.25 | 11/05/21 | 665 | Motion to Extend Dispositive Motion Deadline |
| R.28 | 11/16/21 | 681 | Schwebke Motion for Summary Judgment |
| R.37 | 06/02/22 | 2224-2225 | Schwebke Supplemental Brief |
| R.44 | 07/26/22 | 2273 | Schwebke Supplemental Response |
| R.45 | 05/25/23 | 2282-2297 | Opinion and Order Denying Motion to Dismiss, or in the Alternative, to Stay Proceedings and Compel Arbitration |
| R.47 | 06/02/23 | 2299 | Notice of Appeal |
| R.49 | 06/08/23 | 2307-2316 | Amended Opinion and Order |
| R.50 | 06/08/23 | 2317 | Motion to Stay Proceedings Pending Appeal |
| R.51 | 06/14/23 | 2339-2341 | Amended Notice of Appeal |
| R.55 | 06/28/23 | 2389-2390 | Order Staying Case Pending Appeal |

29076282